UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Edward Trice, ) | C/A No. 4:09-2767-JFA-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| States of Georgia, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Richard Edward Trice ("Petitioner"), is a prisoner currently incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina. Petitioner styles this action as one arising under 28 U.S.C. § 2241, which allows federal prisoners to challenge the execution of their federal sentences. However, Petitioner challenges not his federal sentence but a previous Georgia state sentence which is already completed. As Petitioner has failed to state a claim for relief which may be granted under 28 U.S.C. § 2241, this case is subject to summary dismissal.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* Petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a Petition filed by a *pro se* litigant to allow the development of a potentially

meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even considered under this less stringent standard, this Petition is still subject to summary dismissal.

## Discussion

Petitioner was convicted of various offenses in Georgia state court in 1991. He argues that these convictions were invalid for lack of subject matter jurisdiction, and because slavery has been abolished, saying:

> It was, the record no law was necessary to obolish slavery, the amendment did that. The power to enforce the Amendment by appropriate legislation must be a power to do away the incidents and consequences of slavery, and to instate the Freedmen in full employment of that civil liberty and which the abolition of slavery meant in my opinion the judgment of the Georgia Superior Court should be Reversed and held void. The time on the state sentence should be counted up to 2002 February .

(Sic) Petition at 4.

Petitioner is now serving a federal sentence in South Carolina for Possession of a Firearm by a Convicted Felon under 18 U.S.C. § 922(g)(1). While the entire petition is as confusing as the quoted passage, it appears that Petitioner believes that because his Georgia conviction was allegedly invalid, he should, in fairness, be given credit on his federal sentence. However, there is no murky doctrine of fairness that allows a federal prisoner to be credited for time served on a state conviction, absent other allegations arising under federal law.

Petitioner does not allege that his current federal sentence is illegal or that his sentence has been miscalculated or is otherwise improperly executed, such that he may seek sentencing credit under § 2241. *See U.S. v. Little*, 392 F.3d 671, 679 (4th Cir. 2004)(a request for sentencing credit based on the illegality of the sentence is properly brought under §2241.) In fact, Petitioner states specifically that his federal sentence is legal, stating that the state time served "Should be Counted

twords my Legal Federal Sentence in the Middle District of Georgia (sic)," and bolstering this assertion with an argument concerning the abolition of slavery. Petition at 4. In short, Petitioner has failed to allege any grounds for which this Court may grant relief under § 2241, and while *pro se* petitions must be construed liberally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

In addition, to the extent that Petitioner's complaint may be construed to challenge a state criminal conviction, the proper vehicle for such an action would lie in 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). However, the habeas corpus statute requires that a Plaintiff be "in custody" under the conviction or sentence under attack when the habeas petition is filed. *See* 28 U.S.C. § 2254 (a). Petitioner asserts the state court sentences were ordered to run "consecutive with pending Federal Criminal charges in the United States District Court . . ." Complaint at 2. Petitioner does not allege that he is still in custody in any sense with regard to the state sentence; he does not allege that he is serving sentences concurrently or that his Georgia conviction was used to enhance his federal sentence. An analogous case was dismissed by the Ninth Circuit, saying: "[a]t minimum he must show that his present detention is affected by the California conviction." *Shelton v. Meier*, 485 F.2d 1177 (9th Cir. 1973)(Western District of Washington does not have jurisdiction to hear a § 2254 petition when the California conviction had no bearing on his present federal sentence). Thus, the Plaintiff does not meet the "in custody" requirement of the habeas corpus statute. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding that a habeas petitioner does not remain "'in custody' under a conviction after the sentence imposed for it has fully expired . . .").

Recommendation

Accordingly, it is recommended that the Petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 14, 2009
Florence, SC

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).