IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard Edward Trice, | ) | C/A No. 4:09-2767-JFA-TER |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| State of Georgia, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Richard Edward Trice, is a federal prisoner incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina. Although he styles his action as one under 28 U.S.C. Section 2241 (allowing federal prisoners to challenge the execution of their federal sentences), the petition actually challenges his prior Georgia State sentence.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he recommends that habeas relief should be denied for failure to state a claim for relief. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation and he has done so within the time limits prescribed. He has also filed a motion for a temporary restraining order and a motion to amend his petition.

The petitioner was convicted in Georgia State court of various offenses in 1991. He

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

argues that these convictions were invalid for lack of subject matter jurisdiction and because slavery has been abolished. He is now serving a federal sentence in South Carolina for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1).

Petitioner does not allege that his federal sentence is illegal or that his sentence has been miscalculated or is otherwise improperly executed such that he may seek sentencing credit under Section 2241. Rather, petitioner contends that his state time served in Georgia should be counted toward his federal sentence. The Magistrate Judge correctly opines that petitioner has failed to allege any grounds for which this court may grant relief under Section 2241 and that the petition should be dismissed.

In his objections to the Report and Recommendation, the petitioner contends that the State of Georgia violated his due process rights with regard to his indictment and his guilty plea in state court. He also raises claims of ineffective of assistance of state counsel and jury discrimination. Such claims are not cognizable under this action under Section 2241.

The petitioner has filed a motion for an emergency temporary restraining order regarding the taking of his Hindu religious materials and legal documents. Petitioner contends that the denial of his legal property by the Warden in retaliation for his tort claim field in December 2008 is in violation of his constitutional rights.

Petitioner has also filed, post-Report and Recommendation, a motion to amend his Section 2241 petition contending that his state jury in Georgia was subject to "petty jury bias, all white bias." He again asserts that his Georgia State counsel was ineffective and could have transferred his state charges to federal court, and as a result of this failure, his 1991 plea

and sentence in state court are unconstitutional.

As the Magistrate Judge has correctly states, to the extent that petitioner's claims may be construed to challenge his state criminal conviction, the proper vehicle for such an action lies in 28 U.S.C. Section 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, the petition is dismissed without prejudice and without issuance and service of process. Petitioner's motion to amend his petition and for a temporary restraining order are also denied.

IT IS SO ORDERED.

January 26, 2010  Joseph F. Anderson, Jr.
Columbia, South Carolina  United States District Judge